**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MatrixCare Inc., | Case No. 19-cv-1684 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Netsmart Technologies, Inc., | |
| Defendant. | |

On May 12, 2020, the Court issued an oral order on Plaintiff's motion to compel. (ECF No. 101). In that motion, Plaintiff sought production of certain documents and information exchanged between Plum and Defendant, who argued the materials were protected by the common interest privilege. The Court determined that the common interest privilege applied only to documents and information shared after Plaintiff filed suit against Plum and before the litigation between Plum and Plaintiff was resolved. The Court ordered Defendant to produce all other documents.

Defendant now seeks permission to file a motion requesting reconsideration. Defendant argues the Court should not have decided when the common interest privilege attached because the common interest privilege related only to the capture of forensic images, which the parties agree occurred well after the common interest privilege attached. Defendant further argues that reconsideration is appropriate because, contrary to the Court's Order, it was Plum that sued Plaintiff and because an affidavit that Defendant

submitted one day before the hearing establishes that the common interest privilege began approximately three weeks before Plum filed suit. Plaintiff has filed a letter in opposition to the request.

A party may obtain permission to file a motion for reconsideration only when it demonstrates that the request is justified by "compelling circumstances." *See* D. Minn. LR 7.1(j). The Court will correct its order to indicate that the common interest privilege attached on the day that Plum sued Plaintiff. That correction, however, does not warrant a motion for reconsideration. The purpose of such motions is to correct a manifest error of law or present newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Here, the correction does not alter the Court's legal analysis. It is still, for the reasons discussed in the Court's May 12 Order, the commencement of litigation between Plum and Plaintiff that determined when the common interest privilege applied.

Defendant has failed to demonstrate any other compelling reasons to justify a motion for reconsideration. First, the Court respectfully disagrees that it should not have determined the temporal scope of the common interest privilege. Plaintiff expressly argued in its memorandum that

> the scope of that common interest is temporally limited. Any documents or communications that predate both Plum and Netsmart being adverse to MatrixCare in litigation are outside the common interest as defined by Netsmart. Likewise, Plum and MatrixCare quickly entered into a settlement agreement in principle; as of the date of that agreement in principle, documents or communications between Netsmart and Plum are outside the common interest as defined by Netsmart. Regardless of whether Netsmart has a valid common interest

2

> with Plum while Plum and Netsmart have been involved in litigation against MatrixCare, Netsmart should be required to produce documents outside the temporal limitations of its defined common interest.

(ECF No. 75, p. 17). Furthermore, Plaintiff asked the Court to overrule Defendant's "reliance" on the common interest doctrine not just as to those requests that related to the forensic captures, but with respect to "any of MatrixCare's other discovery requests." (ECF No. 75, p. 18). Thus, it was appropriate for the Court to consider when the common interest privilege began and ended, and to rule on whether that privilege applied to discovery requests beyond those related to the forensic captures.

Second, the affidavit cited by Defendant does not constitute a compelling reason to permit a motion for reconsideration. The affidavit was filed one day before the hearing in response to Plaintiff's reply brief, which focused only on whether certain materials were protected by the attorney/client privilege. At no point did Defendant argue that the affidavit established the common interest privilege attached at a time different than that argued by Plaintiff. Defendant cannot now, in a request to move for reconsideration, raise an argument that it could have brought in responding to Plaintiff's motion to compel. *Eldredge v. City of Saint Paul*, No. 09-cv-2018, 2010 WL 11561278, at *6 (D. Minn. Mar. 4, 2010). The Court will deny the request to file a motion for reconsideration for this reason as well.

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Court's May 12, 2020 Order is amended so that the motion to compel production of documents and information shared between Plum and Netsmart is granted with respect to documents and information shared before litigation

3

commenced between Plum and MatrixCare and after the settlement agreement between Plum and MatrixCare was finalized.

2. The request to file a motion for reconsideration is **DENIED**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May 29, 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*MatrixCare Inc. v. Netsmart Technologies, Inc.*
No. 19-cv-1684 (MJD/TNL)